# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>   v.<br><br>MARTIN SALAZAR PACHECO,<br><br>                                  Defendant. | Case No. 21-cr-02679-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 69)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).   Based on these amendments, Defendant Martin Salazar Pacheco now files a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and General Order 755.  (ECF No. 69.)  The Court referred the case to Federal Defenders for an evaluation.  (ECF No. 70.)  Federal Defenders has filed a Status Report concluding the "Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 73.)

In this case, Defendant was neither a zero-point offender, nor did he receive any additional criminal history points under the old §4A1.1(d).  (Presentence Report ¶¶ 31–32, ECF No. 54.)  Therefore, he does not qualify for relief under the new amendments, and his Motion to Reduce Sentence (ECF No. 69) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge